CHARLES PALMINTERI, [1] Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; CHARLES AND DIANE PALMINTERI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Palminteri v. Commissioner
Docket Nos. 24494-83, 29955-84.
United States Tax Court
T.C. Memo 1985-475; 1985 Tax Ct. Memo LEXIS 156; 50 T.C.M. (CCH) 1026; T.C.M. (RIA) 85475; September 11, 1985. Charles Palminteri, for the petitioners. Michael R. Rizzuto, for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: In these consolidated cases, respondent determined deficiencies and additions to tax as *157 follows: Additions to tax
Docket No.
Years
Deficiency
§ 6653(a)(1) [2]
§ 6653(a)(2)
24494-83
1979
$2,737
[3] $136.85
0
1980
7,637
[3] 381.85
0
29955-84
1981
4,600
230.00
to be computed
The issues for our decision are: (1) Whether petitioner was entitled to claimed deductions for charitable contributions in the years 1979, 1980 and 1981 in the respective amounts of $7001.91, $21,175 and $10,584, or any other amount; (2) Whether petitioners are liable for additions to tax under the provisions of section 6653(a) in any of the years in issue; (3) Whether it is appropriate to award damages in favor of the United States in this case under the provisions of section 6673. At the time of filing their petitions herein, petitioners were residents of Parsippany, New Jersey. [4]
*158 At the calendar call of the trial calendar of this Court beginning March 18, 1985 at Newark, New Jersey, and when these consolidated cases were called, the Court conducted a hearing on respondent's motions to impose sanctions upon petitioners for failing to honor the Court's order compelling responses to respondent's request for production of documents and answers to interrogatories. After a hearing on respondent's motions, the Court found petitioners in default for failing to abide by the Court's order ordering responses to respondent's requested discovery, and imposed sanctions upon petitioners for such failure in that petitioners were prohibited from introducing any evidence at the trial of the case with respect to any alleged contributions to any church. Rule 104(c). When the cases were called for trial on March 19, 1985, petitioner declined to present any evidence with regard to any alleged charitable contributions to organizations other than a church. Petitioners have the burden of proof with respect to the charitable contributions claimed in their returns. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioners having presented no evidence with *159 respect to this issue, respondent's determinations are sustained. For the years 1979 and 1980, respondent, by amendment to his answer, asserted that petitioner was liable for additions to tax under the provisions of section 6653(a), for "* * * negligence or intentional disregard of rules or regulations (but without intent to defraud), * * *." As an issue raised for the first time in his pleadings, respondent must bear the burden of proof on this issue for these years. Rule 142(a). Respondent sought to carry this burden of proof through the examination of petitioner as a hostile witness at trial. On balance, however, we conclude that respondent has not carried his necessary burden. We have no concrete facts in this record concerning the formation of the alleged church in this case to which petitioner supposedly made contributions, nor of petitioner's relation to such alleged church. We do not know what the alleged church did or did not do and, although there are certain suggestions in the record that petitioner may have used this alleged church as an alter ego for the conduct of various business activities, the proof falls far short of what we consider necessary to show that petitioner *160 filed his returns for the years 1979 and 1980 negligently or in deliberate disregard of respondent's rules and regulations, as section 6653(a) contemplates. Accordingly, as to these two years, we hold for petitioner. With respect to the year 1981, however, the shoe is on the other foot. As to this year, respondent determined additions to tax under the provisions of section 6653(a)(1) and 6653(a)(2).[5] The latter subsection provides for an addition to tax in an amount equal to 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment for a year which is due to negligence or intentional disregard of rules and regulations for the period beginning on the last day for payment of the underpayment. With respect to the proposed additions under section 6653 for this year, the burden of proof to show error in respondent's determination was upon petitioners. Bixby v. Commissioner,58 T.C. 757 (1972); Rule 142(a).
With respect to the year 1981, we hold that petitioners have failed to carry their necessary *161 burden of proof to show error in respondent's determination. Indeed, petitioners presented nothing at all on the subject. We therefore sustain respondent's determinations. So far as the addition to tax for the year 1981 under the provisions of section 6653(a)(2) is concerned, petitioners' entire underpayment for this year was attributable to their claimed charitable contribution deduction. We therefore conclude that for purposes of section 6653(a)(2) all of petitioners' underpayment for 1981 was attributable to negligence and we therefore sustain the addition to tax imposed thereunder. The final matter which we must consider is respondent's request that an award in favor of the United States be made in this case under the provisions of section 6673. [6]
*162 The petitions which were filed in these cases basically took the meritless position that the burden was upon respondent to establish that petitioners had not made contributions to a charity which qualified under section 170 of the Internal Revenue Code for tax deduction purposes, contrary to the clear provisions of Rule 142(a). Welch v. Helvering,supra. Thereafter, and after a defective attempt to force admission from respondent with regard to various matters under the provisions of Rule 90, respondent undertook formal discovery procedures and served interrogatories and a request for the production of documents upon petitioners. Upon petitioners' failure to give meaningful responses to these formal requests for discovery, respondent was forced to come to this Court with motions for orders compelling compliance. Such an order, with modifications, was entered herein on February 15, 1985, requiring petitioner to answer the interrogatories and produce the requested documents, as specified in the order. Upon petitioners' failure to comply with the Court's order, respondent moved for the imposition of sanctions, and a hearing on said motion *163 was heard at the time of the calendar call at Newark, New Jersey on March 18, 1985. It developed that petitioners' objections to complying with the Court's order concerning discovery were based on petitioner's claim that he was the subject of a criminal investigation, was being harassed by a special intelligence agent, and should be allowed to claim Fifth Amendment privilege against answering the interrogatories or disclosing the requested documents. Petitioner, however, produced no evidence in support of these claims and, to the contrary, it was clear to the Court that petitioner was simply grasping at straws in order to avoid compliance with the Court's lawful order. Petitioner's continued invocation of the Fifth Amendment on insubstantial grounds continued into the trial of the case, and is best exemplified by the following exchange which took place while petitioner was on the witness stand, under examination by respondent's counsel: Q. Did you cause or open up a bank account in this particular church we're referring to? A. I think I'll invoke the fifth amendment on that not to be a witness against myself. THE COURT: Tell me how that could possible [sic] incriminate *164 you, Mr. Palminteri? THE WITNESS: I have no idea, sir. THE COURT: Well, if you don't have any idea then your objection is overruled and you'll answer it. The result of all the above was that a case with no apparent merit was instituted by petitioners and prolonged for about two years, with additional labor for the respondent as well as the Court in dealing with the matters hereinabove described. We are satisfied that these cases were both instituted and maintained on frivolous grounds and primarily for delay, within the meaning of section 6673, and we accordingly award damages in favor of the United States in the amount of $5,000. Decision in docket No. 24494-83 will entered under Rule 155.
Decision in docket No. 29955-84 will be entered for the respondent.
Footnotes
1. The petition in this docket was originally filed in the name of "Charles and Diane Palminteri," but was signed by petitioner Charles Palminteri only. Diane Palminteri having failed to respond to the Court's order giving her leave to join in and ratify the petition as filed, the case as to her was dismissed for lack of jurisdiction.↩
2. All statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. ↩
3. This amount was alleged by respondent in his amended answer.↩
4. As used hereinafter, the word "petitioner" in the singular shall be deemed to refer to petitioner Charles Palminteri in either or both of the consolidated dockets herein.↩
5. The cited subsection is effective for calendar years beginning with 1981. Pub. L. 97-34, sec. 722(b)(1), 95 Stat. 342.↩
6. Sec. 6673 provides: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.↩